124 F.3d 212
 80 A.F.T.R.2d 97-6800, 97-2 USTC P 50,775
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tim H. SPEARBECK; Mari Lyn Spearbeck, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 96-70103.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted, September 11, 1997
Sept. 17, 1997.
 
 1
 Appeal from a Decision of the United States Tax Court, Tax Ct. No. 15767-92; Irene F. Scott, Tax Court Judge, Presiding.
 
 
 2
 Before: SCHROEDER and BEEZER, Circuit Judges, and SCHWARZER**, District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Tim and Mari Lyn Spearbeck ("the Spearbecks") appeal the tax court's decision upholding the Commissioner of Internal Revenue's determination of deficiencies in the income tax liability of the Spearbecks in tax years 1985-87. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 5
 * The Spearbecks argue the tax court erred when it determined that the Commissioner introduced sufficient evidence for the presumption of correctness to attach to the Commissioner's notice of deficiency. We disagree.
 
 
 6
 "Where the IRS bases its assessment on an allegation of unreported income, the Service must show some minimal evidence linking the taxpayer to the source of that income before the presumption of correctness will attach." Palmer v. IRS, 116 F.3d 1309, 1313 (9th Cir.1997). We conclude that the Commissioner introduced sufficient evidence linking the Spearbecks to their unreported income. The tax court did not err when it accorded the Commissioner's notice the presumption of correctness.
 
 II
 
 7
 The Spearbecks argue the tax court erred when it admitted certain hearsay testimony. We review evidentiary rulings for abuse of discretion. Masson v. New Yorker Magazine, Inc., 85 F.3d 1394, 1399 (9th Cir.1996). After carefully reviewing the record, we conclude that the tax court properly admitted Agent Clark's testimony concerning statements made by Evelyn Knowles and Clark's notes of his interview with Knowles. See Fed.R.Evid. 804(b)(5), 803(24). Further, we conclude that the tax court properly admitted Quimby's prior testimony under Fed.R.Evid. 804(b)(1).
 
 III
 
 8
 The Spearbecks argue that the tax court erred when it concluded the unfunded nature of the annuities was indicative of a sham transaction. We review for clear error the tax court's determination that a transaction is lacking in economic substance. Erhard v. Commissioner, 46 F.3d 1470, 1476 (9th Cir.), cert. denied, 116 S.Ct. 336 (1995). The tax court relied on numerous other facts in determining that the transaction lacked economic substance. The record amply supports the tax court's determination.
 
 AFFIRMED
 
 
 **
 The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3